IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

                                                    ORDER

            Plaintiff,

                                                 07-cr-159-bbc

    v.

DONALD THOMPSON,

           Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Defendant Donald Thompson has filed a motion in his criminal case, seeking an order of the court setting a payment schedule for the payment of his fine and prohibiting the Bureau of Prisons from punishing him for non-payment. At his sentencing, defendant was not ordered to pay a fine but was ordered to make restitution in the amount of $950 and to pay a criminal assessment penalty of $200. I assume that this is the "fine" to which he is objecting.

      Defendant contends that only the court can determine the amount of money he should be required to pay while he is in prison, but he is wrong. The Bureau of Prisons is authorized to collect funds from inmates for a number of purposes, including the payment of restitution and criminal assessment penalties. United States v. Sawyer, 521 F.3d 792,

794 (7th Cir. 2008) ("As for the Bureau of Prisons: it does not need judicial permission to remit money from a prisoner's account, with or without the prisoner's assent. It has ample authority to set the terms on which inmates are held. Whether inmates make any money during their captivity, and, if they do, how much must be paid to creditors, are subjects well within the authority of the Executive Branch. See 28 C.F.R. § 545.11 and Program Statement P5380.08 (amended Aug. 15, 2005), which set out the details of the Inmate Financial Responsibility Program."). In fact, courts cannot override the discretion of the Bureau in these matters, except in the unusual situation in which a prisoner is able to show in a suit brought in federal court under the Administrative Procedure Act, 5 U.S.C. § 702, that the Bureau made a legal error or applied the regulation arbitrarily. Id.

ORDER

IT IS ORDERED that defendant Donald Thompson's motion for a specific schedule to pay his court-ordered restitution obligation and criminal assessment penalty is DENIED.

Entered this 13th day of July, 2009.

BY THE COURT:

*Barbara B. Crabb*
_____
BARBARA B. CRABB
District Judge